IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00128-DME-KLM

SECURTIIES AND EXCHANGE COMMISSION,

       Plaintiff,

v.

WAMEX HOLDINGS, INC., et al.,

       Defendants.

---

Civil Action No. 10-cv-00129-DME- MEH

SECURITIES AND EXCHANGE COMMISSION,
       Plaintiff,
v.

EUGENE C. GEIGER, et al.,

       Defendants.

---

**ORDER GRANTING MOTION TO CONSOLIDATE**

---

       This matter comes before the court on <u>Plaintiff Securities and Exchange Commission's Assented-to Motion to Consolodate [sic] Actions Against Defendant Eugene Geiger</u> (Dkt. 14 2/18/2010). The motion seeks to consolidate two cases that were recently transferred to the District of Colorado, <u>SEC v. Absolutefuture.com, et al</u> (No. 10-cv-00129-DME-MEH) and <u>SEC v. Wamex Holdings, Inc., et al.</u> (No. 10-cv-00128-DME-KLM). The court GRANTS the motion.

Federal Rule of Civil Procedure 42(a) authorizes a district court to consolidate actions if they "involve a common question of law or fact." "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Skaggs v. Level 3 Comm., Inc., Civ. A. 09-cv-00200-PAB-CBS, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (quotations and citation omitted). Therefore, considerations of judicial economy and fairness to the parties also factor into the decision whether to consolidate. Id. The decision whether to consolidate "is discretionary." American Employers' Ins. Co. v. King Resources Co., 545 F.2d 1265, 1269 (10th Cir. 1976).

The court agrees that consolidation is appropriate. In Wamex Holdings and Absolutefuture.com, Defendant Eugene Geiger is the sole remaining individual defendant, and he has assented to consolidation. In both cases the SEC has alleged the same manipulation scheme in violation of the same laws, with the only difference appearing to be the stock traded. Thus, the facts and law in the cases parallel each other. Additionally, judicial economy would be served by consolidation because each case will require many of the same witnesses providing the same testimony. Finally, consolidation is fair to the parties because the parties had taken consolidated discovery in the Southern District of New York, and the parties will avoid the cost of duplicate litigation.

For the foregoing reasons, the court GRANTS the plaintiff's motion (Dkt. 14 2/18/2010) for consolidation of the two cases for expert discovery and trial. Keeping in conformity with the principle of Local Rule 42.1, Magistrate Judge Kristin L. Mix shall be the assigned Magistrate Judge to this consolidated case, as she was the randomly assigned Magistrate Judge to the initial case filed in these proceedings.

Dated: February 23, 2010

BY THE COURT:

*s/ David M. Ebel*

UNITED STATES CIRCUIT JUDGE